**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Case No.12-cv-02710-REB-CBS

KAREN KINNE, TIM DILL, ABRAHAM BACA, individually and on behalf of others similarly situated,

    Plaintiffs,

v.

ROCKY MOUNTAIN EMS, INC., D/B/A ROCKY MOUNTAIN MOBILE MEDICAL, AND RAYMOND GOETZE

    Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION

**Blackburn, J.**

This matter is before me on the **Plaintiff's Motion for Conditional Collective Action Certification and for Judicial Notice of Class** [#25][1] filed February 8, 2013. The defendant filed a response [#31], and the plaintiff filed a reply [#45].

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question), 29 U.S.C. § 216(b) (Fair Labor Standards Act), and 28 U.S.C. § 1367 (supplemental).

### II. STANDARD OF REVIEW

This case involves alleged violations of the wage provisions of the Fair Labor Standards Act ("FLSA" or "the Act"). The plaintiffs seek to pursue a collective action under the Act on behalf of themselves and other similarly situated current and former

---

[1] "[#25]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

employees of the defendant, Rocky Mountain EMS, Inc., d/b/a Rocky Mountain Mobile Medical.  Section 216(b) of the FLSA provides the exclusive means of bringing such class-wide claims to redress alleged violations of the FLSA.  **See** 29 U.S.C.A. § 216(b); **Brown v. Money Tree Mortgage, Inc.**, 222 F.R.D. 676, 678-79 (D. Kan. 2004).  Contrary to the procedures governing a typical class action under Rule 23, plaintiffs who wish to participate in a FLSA collective action must opt in to the action.  **See** 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); **In re American Family Mutual Insurance Co. Overtime Pay Litigation**, 638 F.Supp.2d 1290, 1298 (D. Colo. 2009).

A collective action under the FLSA may be maintained only by and among employees who are "similarly situated."  The Tenth Circuit has adopted a two-step analysis governing this determination.  At the initial "notice stage," the trial court must determine whether plaintiffs have made "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."  **Thiessen v. General Electric Capital Corp.**, 267 F.3d 1095, 1102 (10th Cir. 2001), **cert. denied**, 122 S.Ct. 2614 (2002) (citation and internal quotation marks omitted).  The court makes this determination relying on the allegations of the complaint and any affidavits filed by plaintiffs.  **Brown**, 222 F.R.D. at 680.  Certification at this step is conditional, and the standard of proof "is a lenient one that typically results in class certification," allowing notice to be sent to the putative class members and discovery to be undertaken.  **Id.** at 679.

After discovery is complete, the second, or "decertification," stage occurs.  At that point, the court applies a much stricter standard to determine whether class members

are similarly situated and, consequently, whether the action should continue as a collective action. In making that determination, the court must evaluate, *inter alia*, "the disparate factual and employment settings of the individual plaintiffs; the various defenses available to defendant which appear to be individual to each plaintiff; fairness and procedural considerations; and whether plaintiffs made any required filings before instituting suit." **Brown**, 222 F.R.D. at 679 (citing **Thiessen**, 267 F.3d at 1103).

## III.  FACTS

The plaintiffs, Karen Kinne, Tim Dill, and Abraham Baca, filed this action on behalf of themselves and other similarly situated current and former employees of Rocky Mountain EMS, Inc., d/b/a Rocky Mountain Mobile Medical, and Raymond Goetze, both of whom are named defendants. The action was brought under 29 U.S.C. § 216(b). The defendants own and operate a privately owned ambulance service that provides life support services in both El Paso and Pueblo counties. According to the complaint [#55], the plaintiffs and others similarly situated worked as paramedics and were dispatched to various locations as a part of their job. The plaintiffs were assigned to Ambulance #100 and worked in 24 hour shifts. During such a shift, employees were required to log all of their activities in a Log Book. If an employee works a 24 hour shift without receiving five hours of uninterrupted sleep, he or she must report this information in the Log Book. In that circumstance, the employee would be compensated for overtime. Additionally, employees who are required to report to work and wait for ambulance dispatches are paid for all time spent waiting for dispatches. The plaintiffs allege that they and others similarly situated were not paid for such time. Specifically, it is alleged that the defendants did not properly pay wages for straight time and/or overtime during their various shifts.

The plaintiffs move this court to conditionally certify an FLSA collective action and order that notice be sent to current and former non-exempt employees of the defendants.

### IV.  ANALYSIS

The plaintiffs seek conditional certification under the first step of the two step analysis described in **Thiessen**.  The plaintiffs' burden now is merely to present "substantial *allegations*" that all members of the putative class were subject to a single decision, policy or plan.  **See Thiessen**, 267 F.3d at 1102 (emphasis added).  Looking solely to the allegations of the complaint [#55] and the affidavit of plaintiff Abraham Baca [#25-1], I find and conclude that plaintiffs have satisfied the minimal burden necessary to the conditional certification of a collective action under § 216(b).  In the complaint, the plaintiffs describe failures of the defendants that allegedly caused the violations.  First, the plaintiffs allege that they and others similarly situated routinely were not paid straight time and/or overtime for time that they were "engaged to wait" for ambulance dispatches in the last three years.  *Complaint*, ¶ 53.  Second, the plaintiffs allege that they and others similarly situated routinely were not paid for straight time and/or overtime for all of their work during their 24 hour shifts in the last three years.  *Id.*, ¶ 54.  Specifically, they allege that they were not properly paid for eight hours of their 24 hour work shifts when they did not receive five hours of uninterrupted sleep.  The plaintiff's allegations, if true, show that current and/or former employees of the defendants are similarly situated, as that term is used in § 216, and subject to a single uniform policy or practice with regard to these two issues.

According to the defendants, the plaintiffs have failed to show that they are similarly situated with other members of the putative class and have failed to allege a

single uniform policy or practice applicable to the entire class of putative claimants. Ultimately, that may prove to be true. However, the plaintiffs' allegations concerning other employees who allegedly are similarly situated are sufficient. As stated in the complaint, the plaintiffs' allegations that employees routinely were not paid as required by law are sufficient to allege a uniform policy or practice.

The plaintiffs' proposed notice [#25-2] to potential plaintiffs in a collective action contains a reasonably narrow description of the group of similarly situated employees for which the plaintiff seeks to pursue a collective action. In the proposed notice, the plaintiffs describe the group of employees on behalf of which the plaintiffs seek to sue as:

> All current or former hourly employees of Rocky Mountain Mobile Medical who were not properly paid straight time and /or overtime in the last three years for:
>
> 1. Time that he/she waited for ambulance dispatches; and/or
>
> 2. Time where he/she did not receive at least 5 hours of uninterrupted sleep at night during their 24 hour shift.

Given this description and the allegations in the complaint, it would not be proper to require the plaintiffs to produce further evidence about potential plaintiffs, as the defendants argues. I approve the proposed form of notice and the proposed consent to join forms submitted by the plaintiffs [#25-2 ]. Any and all consent to join forms shall be returned to plaintiffs' counsel no later than 90 days from the date of this order.

## V. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiff's Motion for Conditional Collective Action Certification and for Judicial Notice of Class** [#25] filed February 8, 2013, is **GRANTED** on the

terms stated in this order;

    2. That under 29 U.S.C. § 216(b), this case is **CONDITIONALLY CERTIFIED** as a collective action concerning the plaintiffs' claims under the Fair Labor Standards Act on behalf of all employees who have worked for Rocky Mountain Mobile Medical at any time within the three years preceding the date of this order and who have not properly been paid for straight time and/or overtime for (1) time that he/she waited for ambulance dispatches; and/or (2) Time where he/she did not receive at least five hours of uninterrupted sleep at night during their 24 hour shift;

    3. That the proposed form of notice [#25-2] attached to the plaintiff's motion and the proposed consent to join form [#25-2] are **APPROVED**;

    4. That the form of notice **SHALL PROVIDE** that any and all consent to join forms must be received by counsel for plaintiffs no later than **December 10, 2013**;

    5. That on or before **October 2, 2013**, the defendant **SHALL PROVIDE** the plaintiffs with the names, addresses, phone numbers, and e-mail addresses of all current or former employees of Rocky Mountain EMS, Inc. who were employed by Rocky Mountain EMS, Inc. within the three years preceding the date of this order and who were paid by the hour, and who (a) are or were to be paid for time he or she spent waiting for ambulance dispatches; and/or (b) worked any 24 hour shift.

Dated September 12, 2013, at Denver, Colorado.

                                                                **BY THE COURT:**

                                                                 Robert E. Blackburn
                                                                 United States District Judge