IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge

Civil Case No.12-cv-02710-REB-CBS

KAREN KINNE, TIM DILL, ABRAHAM BACA, individually and on behalf of others similarly situated,

    Plaintiffs,

v.

ROCKY MOUNTAIN EMS, INC., D/B/A ROCKY MOUNTAIN MOBILE MEDICAL, AND RAYMOND GOETZE

    Defendants.

## ORDER DENYING PLAINTIFFS' MOTION TO TOLL STATUTE OF LIMITATIONS

**Blackburn, J.**

This matter is before me on the **Plaintiffs' Motion To Toll Statute of Limitations** [#26][1] filed February 8, 2013. The defendant filed a response [#32], and the plaintiff filed a reply [#40]. I deny the motion.

This case concerns the plaintiffs' claims under the Fair Labor Standards Act (FLSA). On February 8, 2013, the plaintiffs filed a motion to conditionally certify this case as a collective action under the FLSA. The motion was briefed fully as of March 15, 2013. Concurrent with this order, I am entering an order granting conditional certification of an FLSA collective action in this case.

As is typical in FLSA collective actions, there is a delay between the plaintiffs'

---

[1] "[#26]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

filing of the complaint and the ultimate conditional certification of the case as a collective action. Generally, most potential opt-in plaintiffs do not learn of the pendency of the collective action until after the case has been certified conditionally and the court authorizes notice to be sent to potential opt-in plaintiffs. Meanwhile, the statute of limitations continues to run on the claims of potential plaintiffs who have not opted-in or have not filed independently a suit asserting their FLSA claim.

The plaintiffs ask the court to apply the doctrine of equitable tolling and toll the statute of limitations as to the claims of potential opt-in plaintiffs as of the date the plaintiffs filed their initial complaint, October 12, 2012. Absent equitable tolling, the plaintiffs contend, the claims of some potential opt-in plaintiffs will be barred due to the passage of time between the filing of the complaint and a ruling on the motion for conditional certification. The defendant argues that there is no basis for equitable tolling of the statute of limitations.

Potential opt-in plaintiffs have two options for filing a timely FLSA claim against the defendants: (1) file an individual FLSA suit on their own behalf; or (2) opt-in to this collective action when they become aware of the collective action. In either of these two ways, a reasonably diligent opt-in plaintiff can assert his or her FLSA rights and prevent the expiration of his or her claims. The plaintiffs cite voluminous case authority, mostly decisions of United States District Courts, in support of their position. The defendants cite authority concerning the application of the doctrine of equitable tolling generally. Having considered the authority cited by the parties and other relevant authority, the circumstances of this case, and the parties' arguments, I conclude that the usual rules governing claim accrual and equitable tolling are applicable in a FLSA collective action.

Generally, a cause of action accrues when the plaintiff knows or has reason to

know of the injury that is the basis of the action. A cause of action accrues even though the plaintiff may not be aware of all of the evidence relevant to his or her claim. ***Baker v. Bd. of Regents of State of Kan.***, 991 F.2d 628, 632 (10th Cir. 1993). The time period defined in the applicable statute of limitations begins to run on the day the plaintiff's claim accrues.

> Equitable tolling may toll the expiration of the statute of limitations.
>
> In civil actions, this court has applied equitable tolling when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, and "[l]ikewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights."

***U.S. v. Clymore***, 245 F.3d 1195, 1199 (10th Cir. 2001) (***quoting Biester v. Midwest Health Servs., Inc***, 77 F.3d 1264, 1267 (10th Cir. 1996)). In addition, equitable tolling may be appropriate when the plaintiff demonstrates "extraordinary circumstances" that made it "impossible" for the plaintiff to file a timely lawsuit. ***Id.*** Tolling is available only "when [a plaintiff] diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." ***Marsh v. Soares***, 223 F.3d 1217, 1220 (10th Cir. 2000).

Nothing in the record of this case shows that any plaintiff or any potential opt-in plaintiff was deceived, misled, lulled into inaction, or otherwise faced extraordinary circumstances that made it impossible for them to file a timely FLSA claim. The underlying premise of the plaintiffs' position is that potential opt-in plaintiffs could not know about the facts that are the basis of their possible FLSA claim until they receive notice of a collective action. Generally, potential opt-in plaintiffs are presumed to be aware of the facts and circumstances of their employment with Rocky Mountain EMS, Inc., and it is those facts and circumstances that allegedly form the basis of each

plaintiff's FLSA claim against the defendants. Generally, their claims accrue when they gain knowledge of these facts.

If a particular putative opt-in plaintiff demonstrates circumstances that justify equitable tolling, then equitable tolling may be appropriate in that particular case. There is no basis, however, to assume, *a fortiori*, without any evidence, that all opt-in plaintiffs or potential opt-in plaintiffs in this case somehow have been prevented from filing a timely FLSA claim based on their employment with Rocky Mountain EMS, Inc.

**THEREFORE, IT IS ORDERED** that the **Plaintiffs' Motion To Toll Statute of Limitations** [#26] filed February 8, 2013, is **DENIED**.

Dated September 11, 2013, at Denver, Colorado.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge