**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02710 REB-CBS

KAREN KINNE,
TIM DILL, and
ABRAHAM BACA,

Individually and on behalf of others similarly situated

       Plaintiffs,

v.

ROCKY MOUNTAIN EMS, INC., D/B/A ROCKY MOUNTAIN MOBILE MEDICAL and
RAYMOND GOETZE,

       Defendant.

---

**ORDER CONCERNING MOTION TO EXCLUDE TESTIMONY OF PLAINTIFFS'
DESGINATED EXPERT WITNESS PURSUANT TO FED. R. EVID. 702**

---

**Blackburn, J.**

       This matter is before me on **Defendants' Opposed Motion To Exclude Testimony of Plaintiffs' Designated Expert Witness Pursuant to Fed. R. Evid. 702** [#69],[1] filed October 16, 2013. The plaintiffs filed a response [#70], and the defendants filed a reply [#74]. I deny the motion.

### I.  STANDARD OF REVIEW

       The defendants seek to exclude the testimony of an expert witness designated by the plaintiffs. Rule 702 of the Federal Rules of Evidence, which governs the admissibility of expert witness testimony, provides:

---

[1] "[#69]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. As interpreted by the Supreme Court of the United States, Rule 702 requires that the testimony of an expert be both reliable, in that the witness is qualified to testify regarding the subject, and relevant, in that such testimony will assist the trier of fact in determining a fact in issue. ***Daubert v. Merrell Dow Pharmaceuticals, Inc.***, 509 U.S. 579, 589-92 (1993); ***Truck Insurance Exchange v. MagneTek, Inc.***, 360 F.3d 1206, 1210 (10th Cir. 2004). The Supreme Court has described the role of a trial court in weighing expert opinions against these standards as that of a "gatekeeper." ***See Kumho Tire Company, Ltd. v. Carmichael***, 526 U.S. 137, 147 (1999).

Under ***Daubert*** and its progeny, an expert opinion is reliable if it is based on scientific knowledge. "The adjective 'scientific' implies a grounding in the methods and procedures of science. Similarly, the word 'knowledge' connotes more than subjective belief or unsupported speculation." ***Daubert***, 590 U.S. at 590. In short, the touchstone of reliability is "whether the reasoning or methodology underlying the testimony is scientifically valid." ***Id***. at 592 - 593; ***see also Truck Insurance Exchange***, 360 F.3d at 1210. The party proffering the expert opinion must demonstrate both that the expert has employed a method that is scientifically sound and that the opinion is "based on facts which enable [the expert] to express a reasonably accurate

conclusion as opposed to conjecture or speculation." ***Goebel v. Denver and Rio Grande Western Railroad Co.***, 346 F.3d 987, 991 (10th Cir. 2003) (quoting ***Gomex v. Martin Marietta Corp.***, 50 F.3d 1511, 1519 (10th Cir. 1995)).

Rule 702 demands also that the opinion of an expert be relevant, that is, that the testimony "fit" the facts of the case. ***Daubert***, 590 U.S. at 592; ***In re Breast Implant Litigation***, 11 F.Supp.2d 1217, 1223 (D. Colo. 1998). "'[T]he standard for fit is higher than bare relevance.'" ***In re Breast Implant Litigation***, 11 F.Supp.2d at 1223 (quoting ***In re Paoli Railroad Yard PCB Litigation***, 35 F.3d 717, 745 (3rd Cir. 1994), ***cert. denied***, 513 U.S. 1190 (1995)). The proffered evidence must speak clearly and directly to an issue in dispute in the case. ***Id.*** Guided by these principles, the court has broad discretion in determining whether expert testimony is sufficiently reliable and relevant to be admissible. ***Truck Insurance Exchange***, 360 F.3d at 1210; ***Smith v. Ingersoll-Rand Co.***, 214 F.3d 1235, 1243 (10th Cir. 2000). The overarching purpose of the court's inquiry is "to make certain that the expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." ***Goebel***, 346 F.3d at 992 (quoting ***Kumho Tire Company***, 526 U.S. at 152).

Generally, "rejection of expert testimony is the exception rather than the rule**." U.S. v. Nacchio**, 519 F.3d 1140, 1154 (10th Cir. 2008) (quoting Fed. R. Evid. 702 , 2000 Advisory Comm.'s Notes). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." ***Daubert***, 509 U.S. at 596.

## II.   ANALYSIS

The plaintiffs, Karen Kinne, Tim Dill, and Abraham Baca, were employed as paramedics by the defendant, Rocky Mountain EMS Inc., d/b/a Rocky Mountain Mobile Medical ("RME"). *Second amended complaint* [#55], p. 2. The plaintiffs brought a collective action against RME

3

under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219 alleging a failure to pay compensation for earned wages and overtime pay. *Id.* Beginning in February 2011, RME began scheduling some of its paramedics, including the plaintiffs, to work 24 hour shifts. *Motion* [#69], Exhibit A, pp. 5, 8, 10. RME compensated plaintiffs for working 24 hours shifts according to the following policy ("Policy"):

> RME utilizes the "actual hours worked" ruling on all 24hr scheduled shifts. This is paid at the crewmembers pay rate for 16 hours, unless call volume doesn't allow for the 8 hours of downtime, 5 hours of continuous rest. It is critical that the 24hr Crew Log be completed each shift! Any crew that exceeds the continuous work of 16hrs must report this to a supervisor the following day and a full 24hrs will be compensated to that crew.

*Motion* [#69], Exhibit B, p. 122:9-22; Exhibit C, pp. 36:23-37:2; Exhibit D, p. 135:9-24. RME's policy complied with 29 CFR § 785.22, which provides that when an employee is on duty for 24 hours or more, the employer and employee may agree to exclude bona fide meal periods and bona fide regularly scheduled sleep periods of not more than eight hours from hours worked, provided that adequate sleeping facilities are furnished and that the employee can enjoy an uninterrupted night's sleep. *See* 29 CFR § 782.22(1). Additionally, 29 CFR § 785.22(b) provides that "if the employee cannot get at least 5 hours' sleep [sic] during the scheduled period the entire time is [considered] working time."

Plaintiffs claim they worked 24-hour shifts during which they did not receive the minimum five hours of rest, but did not get paid for the full 24 hours as required by the regulations. *See Second amended complaint* [#55], p. 2. Plaintiffs admit, however, that they received at least five hours of rest during some 24-hour shifts. *Motion* [#69], Exhibit C, p. 91:12-22; Exhibit D, p. 74:9-14; and Exhibit E, p. 187:2-12. In turn, RME denies these claims and counters that every time Plaintiffs reported that they had not received five hours of rest, they were paid for the full 24 hours of work.

In its present motion, RME challenges the admissibility of the testimony of Dr. Teresa Fulimeni, PhD, an expert witness designated by the plaintiffs. In her report, Dr. Fulimeni expresses the opinion that, "the amount owed to the plaintiffs based on the information provided … is $28,560, or $57,119 including liquidated damages." *Motion* [#69], Exhibit A, p. 1. Plaintiffs seek to offer the opinions of Dr. Fulimeni to prove their damages under the FLSA. RME argues that this opinion of Dr. Fulimeni is not based on any scientific, technical, or other specialized knowledge and that the plaintiffs can readily calculate for themselves the compensation they are owed based on their individual payroll records. In effect, RME claims that the expert testimony of Dr. Fulimeni will not help the jury understand evidence pertaining to the damages claims of the plaintiffs, as required by Rule 702.

I disagree. I conclude that the expert testimony of Dr. Fulimeni may be admitted to explicate and quantify the damages of the plaintiffs. The United States Court of Appeals for the Tenth Circuit has held that "there is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." ***United States v. Fredette***, 315 F.3d 1235, 1240 (10th Cir.2003). Here, the calculation of damages involves the consideration of a variety of documentary evidence in the form of crew reports and oral testimony. *Motion* [#69], Exhibit A, pp. 6-7. In addition, a lack or absence of relevant data in the payroll records of the plaintiffs clearly calls for the expertise of someone who has encountered and dealt with situations involving this complication. *See id.*, Exhibit A, pp. 4-5. Thus, the difficulty and complexity in assessing the damages of the plaintiffs is beyond the experience and ken of an untrained lay jury.

In addition, RME argues that the opinions of Dr. Fulimeni are inadmissible under Rule 702 because they lack reliability. RME notes that Dr. Fulimeni assumed improperly that

5

plaintiffs never received five hours of rest on any shift when such assumption is not supported by any evidence. In short, RME argues that the Dr. Fulimeni's opinions are not reliable because they are not supported by sufficient facts and data. In their response [#70], plaintiffs counter that information about the number of shifts in which the plaintiffs received five or more hours of rest was not available to Dr. Fulimeni when she issued her initial report on August 12, 2013. Plaintiffs' depositions, which elicited that information, occurred after that date. Most importantly, plaintiffs point to the fact that Dr. Fulimeni subsequently amended her report to account for the fact that plaintiffs had received five hours of rest time during some shifts. *Response* [#70]. Exhibit A. In its reply [#74], RME argues that plaintiffs' amended expert report was submitted November 5, 2013, well beyond the date specified in the Scheduling Order [#20]. Additionally, RME argues that the plaintiffs failed to comply with the Fed. R. Civ. P. 15 timeliness requirements by "neither fil[ing] the amended pleading within 21 days of serving the original pleading nor [securing] leave of court to file the Amended Expert Report." *Reply* [#74], p.3. In essence, RME argues that the testimony of Dr. Fulimeni's must be excluded because her report was not timely.

Under Rule 702, opinion testimony must be "based on facts which enable [the expert] to express a reasonably accurate conclusion as opposed to conjecture or speculation." **Goebel v. Denver and Rio Grande Western Railroad Co.**, 346 F.3d 987, 991 (10th Cir. 2003) (quoting **Gomex v. Martin Marietta Corp.**, 50 F.3d 1511, 1519 (10th Cir. 1995)). After reviewing Dr. Fulimeni's report and amended report, I find RME's arguments unpersuasive and consider her testimony sufficiently reliable under Rule 702. Dr. Fulimeni gathered a variety of documentary evidence in the form of crew reports, oral testimony, and payroll records. *Motion* [#69], Exhibit A, pp. 6-7. In addition, she dutifully supplemented her expert report when new information became available. This information constitutes sufficient facts and data on which Dr. Fulimeni may base her opinions concerning the claimed damages of the plaintiffs.

Moreover, even though the amended expert report of Dr. Fulimeni was filed after the date stipulated in the Scheduling Order [#20], the court issued an order [#83] granting a Motion to Amend the Scheduling Order [#76], which modified the discovery cutoff deadline to July 9, 2014, and the disclosure of experts deadline to May 28, 2014. Because plaintiffs submitted their amended expert report on November 5, 2013, the amended report was timely.

Further, it is well established that a motion is not a pleading. *See Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.,* 230 F.R.D. 657, 660 (D.N.M.2005) (citing *Searcy v. Soc. Sec. Admin.*, No. 91-4181, 1992 WL 43490, at *2 (10th Cir. Mar. 2, 1992); *Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, 427 F. Supp. 2d 1022, 1029 (D. Kan. 2006). Similarly, an expert report is not a pleading. Thus, Fed. R. Civ. P. 15 is inapposite. Therefore, the plaintiffs were not required to file the amended expert report within 21 days from the filing of their original pleading or to seek leave of court to do the same.

Lastly, RME argues that the testimony of Dr. Fulimeni would confuse and mislead the jury causing it to reach the incorrect conclusion that the Policy does not comply with federal regulations and that plaintiffs did not received five hours of rest time on any occasion. I disagree. Plaintiffs correctly and timely amended their expert disclosures to account for the missing facts on which RME's argument turns. Thus, the testimony of Dr. Fulimeni would not work to confuse or mislead the jury causing it to reach the incorrect conclusion that RME's Policy violates federal law or that the plaintiffs did not receive five hours of rest time on at least some occasions.

### III.  CONCLUSION & ORDER

Dr. Fulimeni's opinion testimony is admissible under Fed. R. Evid. 702. The opinions expressed in the report are based on sufficient facts or data and are the product of reasonably reliable principles and methods. Dr. Fulimeni has applied the principles and methods reliably to

the facts of the case.  Any flaws in Dr. Fulimeni's opinion testimony go to weight, not admissibility. All else is for cross-examination and competing evidence.

**THEREFORE, IT IS ORDERED** that **Defendants' Opposed Motion To Exclude Testimony of Plaintiffs' Designated Expert Witness Pursuant to Fed. R. Evid. 702** [#69] filed October, 16, 2013, is **DENIED**.

Dated August 14, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge