## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Robert E. Blackburn, Judge

Civil Case No.12-cv-02710-REB-CBS

KAREN KINNE, TIM DILL, ABRAHAM BACA, individually and on behalf of others
similarly situated,

       Plaintiffs,

v.

ROCKY MOUNTAIN EMS, INC., D/B/A ROCKY MOUNTAIN MOBILE MEDICAL, AND
RAYMOND GOETZE

       Defendants.

---

## ORDER CONCERNING MOTION FOR SUMMARY JUDGMENT

---

Blackburn, J.

     This matter is before me on the **Defendants' Motion for Summary Judgment**
[#89][1] filed August 6, 2014.  The plaintiffs filed a response [#94], the defendants filed a
reply [#95], and the plaintiffs filed a sur-reply [#108].  I grant the motion in part and deny
it in part.

## I.  JURISDICTION

     I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question), 29
U.S.C. § 216(b) (Fair Labor Standards Act), and 28 U.S.C. § 1367 (supplemental).

## II.  STANDARD OF REVIEW

     Summary judgment is proper when there is no genuine dispute as to any material

---

[1]  "[#89]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF). I use this
convention throughout this order.

fact, and the movant is entitled to judgment as a matter of law.[2]   FED. R. CIV. P. 56(a);

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A dispute is "genuine" if the issue

could be resolved in favor of either party.  *Matsushita Electric Industrial Co., Ltd. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Farthing v. City of Shawnee*, 39 F.3d

1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome

of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Farthing*, 39

F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of

a genuine issue of fact.  *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d

1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995).  By contrast, a movant

who bears the burden of proof must submit evidence to establish every essential

element of its claim or affirmative defense.  *See In re Ribozyme Pharmaceuticals, Inc.*

*Securities Litigation*, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002).

In either case, once the motion has been properly supported, the burden shifts to

the nonmovant to show by tendering depositions, affidavits, and other competent

evidence that summary judgment is not proper.  *Concrete Works*, 36 F.3d at 1518.  All

evidence must be viewed in the light most favorable to the party opposing the motion.

*Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse*

*Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 528 U.S. 815 (1999),

*abrogated on otr. grounds Eisenhour v. Weber Cnty.*, 744 F.3d 1220, 1227 (10th

---

[2] The issues raised by and inherent to the motions for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motions stand submitted on the papers. *Cf.* FED. R. CIV. P. 56(a). *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir.1988) (holding that any hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

Cir. 2014). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. ***Rice v. United States***, 166 F.3d 1088, 1092 (10th Cir.), ***cert. denied***, 528 U.S. 933 (1999).

### III. ANALYSIS

The named plaintiffs, Karen Kinne, Tim Dill, and Abraham Baca, filed this action on behalf of themselves and other similarly situated current and former employees of defendant Rocky Mountain EMS, Inc., d/b/a Rocky Mountain Mobile Medical (RMEMS). Defendant Raymond Goetze is the owner of RMEMS. The defendants operate a privately owned ambulance service that provides life support services in both El Paso and Pueblo Counties.

The plaintiffs and others similarly situated worked for the defendants as paramedics. According to the plaintiffs, the defendants failed to pay the plaintiffs for all time they worked for the defendant and failed to pay overtime wages due to the plaintiffs under the FLSA. Specifically, the plaintiffs claim they were not paid straight time and/or overtime for time they worked under two circumstances: (1) time during which the plaintiffs waited for ambulance dispatches; and (2) time when the plaintiffs worked a 24 hour shift, but did not receive at least 5 hours of uninterrupted sleep at night during the 24 hour shift. This case was brought under 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA). This case has been certified conditionally as a collective action under 29 U.S.C.A. § 216(b). The remaining plaintiffs are the three plaintiffs named in the caption and five opt-in plaintiffs, Carey Avery, Jason Sonnenberg, Alejandro Zamudo, John Misleh, and Benjamin Boyll.

In their motion for summary judgment, the defendants seek summary judgment on the claims asserted by the five opt-in plaintiffs. The defendants contend the opt-in

plaintiffs have not produced evidence sufficient to support their claims.  Having reviewed the briefs and evidence submitted by the parties, I find that there remain genuine disputes as to material facts concerning the claims of opt-in plaintiffs Carey Avery, Alejandro Zamudio, and Ben Boyll.  As to these opt-in plaintiffs, the motion for summary judgment is denied.

On the other hand, I find that the motion must be granted as the claims of opt-in plaintiffs Jason Sonnenberg and John Misleh.  In their motion for summary judgment [#89] and reply [#95], the defendants contend that Mr. Sonnenberg and Mr. Misleh have not presented evidence sufficient to support their claims.  The burden has shifted to the nonmovants, Mr. Sonnenberg and Mr. Misleh, to show that summary judgment is not proper by tendering depositions, affidavits, and other competent evidence in support of their claims.  **Concrete Works**, 36 F.3d at 1518.  However, the plaintiffs cite no evidence which shows that Mr. Sonnenberg or Mr. Misleh ever were underpaid under the circumstances in which the other plaintiffs claim they were underpaid.  At best, the plaintiffs argue that the evidence in support of the claims of the named plaintiffs and some of the opt in plaintiffs "should be considered as evidence on behalf of all plaintiffs." *Surreply* [#108], p. 9.  I disagree.  An inference that Mr. Sonnenberg and Mr. Misleh were underpaid based solely on the claim that six other plaintiffs were underpaid is not evidence sufficient to permit a reasonable fact finder to conclude that Mr. Sonnenberg and Mr. Misleh were in fact underpaid.

According to the plaintiffs, the defendants are improperly seeking to de-certify this collective action using the vehicle of a motion for summary judgment.  I disagree.  In an order [#59] entered September 12, 2013, I conditionally certified this case as a collective action under 29 U.S.C. § 216(b).  At the conditional certification stage, the

4

only question is whether the plaintiffs have made "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001), *cert. denied*, 536 U.S. 934 (2002) (citation and internal quotation marks omitted).  Now that discovery is complete, it is appropriate for the defendants to assert that particular opt-in plaintiffs are not properly part of the case because they are not situated similarly to the other plaintiffs.  In making that determination, the court must evaluate, *inter alia*, "the disparate factual and employment settings of the individual plaintiffs; the various defenses available to defendant which appear to be individual to each plaintiff; fairness and procedural considerations; and whether plaintiffs made any required filings before instituting suit." *See Brown*, 222 F.R.D. at 679 (citing *Thiessen*, 267 F.3d at 1103) (addressing certification and de-certification).

It is true that often the question of whether one or more opt-in plaintiffs is situated similarly to the other plaintiffs is raised in a motion to de-certify the collective action. *Thiessen*, 267 F.3d at 1102-03.  However, the plaintiffs cite no law which prohibits the defendants from arguing in a motion for summary judgment that certain opt-in plaintiffs have not produced evidence sufficient to support their individual claims and to show that they are similarly situated to the other plaintiffs.  In this case, the evidence in the record is not sufficient to permit a reasonable fact finder to conclude that Mr. Sonnenberg or Mr. Misleh were underpaid by the defendants. . Absent such evidence, the motion for summary judgment of the defendants must be granted as to the claims of Mr. Sonnenberg or Mr. Misleh.

## IV.  CONCLUSION & ORDERS

5

There remain genuine disputes as to material facts concerning the claims of opt-in plaintiffs  Carey Avery, Alejandro Zamudio, and Ben Boyll.  As to these opt-in plaintiffs, the motion for summary judgment is denied.  On the other hand, the plaintiffs have not cited evidence sufficient to permit a reasonable fact finder to conclude that opt-in plaintiffs Jason Sonnenberg and John Misleh were underpaid by the defendants.  Thus, the defendants are entitled to summary judgment on the claims of  opt-in plaintiffs Jason Sonnenberg and John Misleh.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Defendants' Motion for Summary Judgment** [#89] filed August 6, 2014, is **GRANTED** in part and **DENIED** in part:

a. that as to the claims of opt-in plaintiffs Jason Sonnenberg and John Misleh, the motion is **GRANTED**;

b. that accordingly, the claims of  opt-in plaintiffs Jason Sonnenberg and John Misleh are **DISMISSED**;

c. that opt-in plaintiffs Jason Sonnenberg and John Misleh are **DROPPED** as opt-in plaintiffs in this action; and

d. that otherwise, the motion is **DENIED**.

Dated November 18, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge