**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Case No.12-cv-02710-REB-CBS

KAREN KINNE, TIM DILL, ABRAHAM BACA, individually and on behalf of others similarly situated,

    Plaintiffs,

v.

ROCKY MOUNTAIN EMS, INC., D/B/A ROCKY MOUNTAIN MOBILE MEDICAL, AND RAYMOND GOETZE

    Defendants.

## ORDER DENYING MOTION *IN LIMINE*

**Blackburn, J.**

    This matter is before me on the **Plaintiffs' Omnibus Motions In Limine** [#139][1] filed November 21, 2014. I deny the motion without prejudice.

    The plaintiffs assert claims under the Fair Labor Standards Act and the Colorado Wage Act. The claims are based on the time during which the plaintiffs were employed by the defendants. In their motion, the plaintiffs ask the court to exclude from evidence any evidence concerning the disciplinary records of the plaintiffs while they were employed by the defendants, except as that evidence may relate to discipline for failure to comply with any record keeping requirements or tardiness. The plaintiffs contend such evidence should be excluded under FED. R. EVID. 402, 403, and 404. In addition, the plaintiffs ask the court to exclude from evidence any evidence or argument

---

[1] "[#139]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

concerning the way in which the opt-in process proceeded in this case, including the response rate or the number of opt-in plaintiffs. The plaintiffs contend such evidence should be excluded under FED. R. EVID. 402 and 403.

The issues raised in the motion of the plaintiffs are evidence driven and cannot be resolved until evidence is presented at trial. Of course, no trial evidence yet has been presented, and the evidentiary context of this case remains uncertain. The relevance of the evidence in question, its admissibility or inadmissibility as character evidence, and its potential to cause unfair prejudice or confusion, to mislead the jury, or to waste time, cannot be determined until the evidentiary landscape becomes clear at trial.

REB Civ. Practice Standard IV.E.1 states clearly: "Motions in limine are **strongly** discouraged, *a fortiori*, when the motion is evidence driven and cannot be resolved until evidence is presented at trial." The motion of the plaintiffs is the type of motion specifically discouraged in this practice standard.

**THEREFORE, IT IS ORDERED** that the **Plaintiffs' Omnibus Motions In Limine** [#139] filed November 21, 2014, is **DENIED** without prejudice.

Dated November 25, 2014, at Denver, Colorado.

                                        **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge